FILED IN CHAMBERS
U.S.D.C  Atlanta

AUG 3 1 2007

JAMES N HATTEN, Clerk

By~ ~ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY B. THOMAS,

       Plaintiff,

v.

COBB COUNTY SHERIFF'S
DEPARTMENT; COBB COUNTY
DEPARTMENT OF CORRECTIONS; NEIL
WARREN (INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS COBB
COUNTY SHERIFF), COBB COUNTY
BOARD OF COMMISSIONERS, SAMUEL
OLENS (COBB COUNTY COMMISSION
CHAIRMAN), COBB COUNTY,
GEORGIA, AND WILLIAM "BILL"
HUTSON.

       Defendants.

CIVIL ACTION NO.

1:06-CV-1883-JEC

## O R D E R  &  O P I N I O N

This case is presently before the Court on Defendants' Partial Motion to Dismiss [3]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Defendants' Partial Motion to Dismiss [3] should be **GRANTED**.

### BACKGROUND

Plaintiff was employed by the Cobb County Department of Corrections beginning in May or June of 1990. (Am. Compl. [5] at ¶

AO 72A
(Rev.8/82)

13, Answer [12] at ¶ 13.)  In October of 2000, the Cobb County Department of Corrections merged with the Cobb County Sheriff's Department.  (Am. Compl. [5] at ¶ 14, Answer [12] at ¶ 14.) Plaintiff remained employed by Cobb County as a Deputy Sheriff II until his employment was terminated on August 12, 2002.  (*Id.*) Plaintiff alleges that while he was employed by Cobb County, he was subject to: discrimination based on race, a hostile work environment, and retaliatory termination.  (Am. Compl. [5] at ¶¶ 17-29.)

Plaintiff brought suit on August 11, 2006, four years after his termination, alleging violations of the First and Fourteenth Amendments to the United States Constitution (hereinafter "First Amendment" and "Fourteenth Amendment") U.S. CONST. AM. I, XIV, and the Civil Rights Act, 42 U.S.C. §§ 1981, 1981a, 1983a, et. seq. (amended 1991). (Compl. [1] at 1.)  Plaintiff is suing all defendants for violations of his Constitutional and statutory rights under 42 U.S.C. §§ 1983, et. seq. (hereinafter "§ 1983").  (Compl. [1] at ¶¶ 47-51, 61-67.)  Plaintiff also asserts a claim against Warren in his individual capacity, under 42 U.S.C. § 1981, et. seq. (hereinafter "§ 1981").¹ (Compl. [1] at ¶¶ 30-37.)  All of plaintiff's claims arise out of alleged substantive violations of § 1981.  (Am. Compl. [5] at

¹ On September 20, 2006, plaintiff filed an amended complaint suing defendants Warren, Olens, and Hutson in their individual capacities under 42 U.S.C. § 1981, et. seq. (Am. Compl. [5] at 12, 21).

2

14-18, 21-22.)

On September 5, 2006, defendants filed a partial motion to dismiss [3]. (Def.s' Partial Mot. to Dismiss [3]).  Defendants' motion was initially docketed as an answer [3], but the Court re-docketed the motion as a motion to dismiss on September 7, 2006 [4]. (Redoc. of Def.s' Partial Mot. to Dismiss [4]).  On September 20, 2006, plaintiff filed an amended complaint [5] and a response to defendants' partial motion to dismiss [11]. (Am. Compl. [5], Pl.'s Resp. to Mot. to Dismiss [11].)  Defendant subsequently filed an answer to plaintiff's amended complaint [12] and a reply brief in support of defendants' partial motion to dismiss [13]. (Answer [12], Def.s' Repl. Br. in Supp. of Partial Mot. to Dismiss ("Reply Br.")[13].)

Defendants now move for a dismissal of plaintiff's § 1983 claims against all state actors as barred by the two-year statute of limitations.  (Def.s' Partial Mot. to Dismiss [3] at 2-3).[2] Additionally, defendants move for a dismissal of plaintiff's § 1981 claims against all state actors arguing that such claims must be brought under § 1983 and are, therefore, also barred by the statute of limitations.  (Id.)  Defendants also move for a dismissal of all

---

[2] At the time defendants filed their partial motion to dismiss, plaintiff had only sued Warren in his official capacity. (Compl. [1] at ¶¶ 30-37.)  In Plaintiff's Amended Complaint, plaintiff added claims against Olens and Hutson. (Am. Compl. [5] at 14-18, 21-22.)

3

Constitutional claims against state actors arguing it is § 1983 that allows plaintiff to bring Constitutional claims against non-federal entities. (*Id.*)

## DISCUSSION

I.  **The Court Will Consider Plaintiff's Response to Defendants' Motion to Dismiss.**

Before addressing the substance of defendants' motion to dismiss, the Court first addresses the timeliness of plaintiff's response to that motion. Local Rule 7.1(B) requires that "[a]ny party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than ten (10) days after service of the motion..." L.R. 7.1(B), N.D.Ga. *See also* L.R. 6.1(A)(stating that for time periods less than eleven (11) days, "the response time is first calculated as directed by FED. R. CIV. P. 6(a).") Local Rule 7.1(F) also states that "the court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirement of these rules." L.R. 7.1(F), N.D.Ga. FED. R. CIV. P. 6(b), however, grants the Court discretion to extend prescribed time limits "for cause shown." FED. R. CIV. P. 6(b).

In his response brief, plaintiff requests a one (1) day extension to file his response to defendants' partial motion to dismiss. *See* Pl.'s Resp. to Mot. to Dismiss [11] at 3-4.

4

Plaintiff's counsel had an approved leave of absence, which was followed by a short illness, during the period of time in question. Thus, plaintiff has offered adequate grounds for his modest request for an extension.   Accordingly, the Court considers plaintiff's response in determining defendants' motion to dismiss.

## II.  Defendants' Motion to Dismiss

Defendants move to dismiss all claims made against "state actors," pursuant to FED. R. CIV. P. 12(b)(6).   In ruling on defendants' motion, the Court must assume that plaintiff's allegations are true and must construe all facts and inferences in the manner most favorable to plaintiff.   *Scott v. Taylor,* 405 F.3d 1251, 1253 (11th Cir. 2005).   Judgment on the pleadings is only appropriate if plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."   *Horsley v. Feldt,* 304 F.3d 1125, 1131 (11th Cir. 2002).

Plaintiff asserts claims against multiple state actors under § 1981, as well as under the First and Fourteenth Amendments.   (Compl. [1] at ¶¶ 47-51, 61-67.)   However, § 1981 claims brought against state actors must be brought pursuant to 42 U.S.C. § 1983 because this section "contains the sole cause of action against state actors for violations of § 1981."   *Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000).   Although § 1981 actions filed in Georgia are

5

potentially subject to a two or four-year statute of limitations,[3]

generally the Eleventh Circuit has held that a two-year statue of

limitations applies to all § 1981 claims that must be brought

pursuant to § 1983.   *Palmer v. Stewart County Sch. Dist.*, 178

Fed.Appx. 999, 1003 (11th Cir. 2006).   The Court explained that,

"[u]nlike § 1981, § 1983 has not been amended after December 1, 1990,

and we apply the statute of limitations given by state law, which, in

Georgia, is two years for all § 1983 claims."   *Id.* (citing *Williams*

*v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986)).

    Plaintiff is, therefore, required to bring actions against all

---

[3]   42 U.S.C. § 1981 does not contain a statute of limitations.
Therefore, federal courts are directed to apply "the most appropriate
or analogous state statute of limitations" to cases arising under §
1981.   *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987).   The
Supreme Court has held that the applicable statute of limitations for
§ 1981 claims is the state statute of limitations for personal injury
claims.   (*Id.* at 661-62.)   The statute of limitations for personal
injury claims in Georgia is two years.   O.C.G.A. § 9-3-33.

    However, on December 1, 1990, Congress enacted 28 U.S.C. § 1658
which states, "Except as otherwise provided by law, a civil action
arising under an Act of Congress enacted after the date of the
enactment of this section may not be commenced later then 4 years
after the cause of action accrues."   Therefore, any viable § 1981
claims would be potentially subject to the four-year catch-all
provision of § 1658 if his claims arise under an Act of Congress
enacted after December 1, 1990 (i.e., the amendment to § 1981).

    In his Amended Complaint, plaintiff has asserted § 1981 claims
against defendants Warren, Olens, and Hutson, in their individual
capacities.   (Am. Compl. [5] at 12, 21).   The issue of which statute
of limitations governs those actions is not before the Court,
however.

AO 72A
(Rev.8/82)

state actors pursuant to § 1983.  *See Butts*, 222 F.3d at 892. Plaintiff has made claims against the following state actors: (1) Cobb County Sheriff's Department/Cobb County Department of Corrections, (2) Neil Warren in his official capacity as Cobb County Sheriff, (3) Cobb County Board of Commissioners, (4) Sam Olens in his official capacity as Cobb County Commission Chairman, (5) Cobb County, Georgia, and (6) William "Bill" Hutson in his official capacity as former Cobb County Sheriff.  All of these claims arise out of alleged substantive violations of § 1981. (Am. Compl. [5] at 14-18, 21-22.)

Plaintiff alleges that defendants' violations of § 1981 and the First and Fourteenth Amendments, as enforced through § 1983, took place between May 1990 and August 2002.  (Am. Compl. [5] at ¶ 13, Answer [12] at ¶ 13.)  The statute of limitations begins to run at the point when "'...the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'... Therefore, a § 1983 action does not accrue until the plaintiff 'knows or has reason to know that he has been injured... [and] until the plaintiff is aware or should have been aware who has inflicted the injury.'"  *Bryant v. Jones*, 464 F.Supp.2d 1273, 1293 (N.D.Ga. 2006), *reconsideration denied, stay granted by* No. 1:04-CV-2462-WSD, 2007 WL 113959, at *1 (N.D.Ga. Jan. 10, 2007)(quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th

7

Cir. 1987)).    Plaintiff  stated  in  his  complaint  that  he  was
terminated  on  August  12,  2002,  and  that  the  reason  for  his
termination was race discrimination.  (Am. Compl. [5] at ¶ 27, Thomas
Aff. [5] at ¶ 3.)  Therefore, by August 12, 2002, if not much sooner,
plaintiff would have been aware of the facts that would support a §
1983 action, and he should have known who inflicted the injury.

The instant action was filed on August 11, 2006, 3 years and 364
days after plaintiff's alleged discriminatory termination took place.
(Compl. [1].) Therefore, plaintiff's § 1983 actions are time-barred.

## III. Plaintiff's Amended Complaint

As  noted,  after  the  defendants  had  filed  their  motion  to
dismiss, the plaintiff filed an Amended Complaint [5].  Defendants
filed no answer to the original Complaint, but instead filed a motion
to  dismiss.   Defendants  have  filed  an  answer  to  the  Amended
Complaint. (Answer [12].)

Both in their Answer ([12] at 1-2) and in their Reply Brief
([13] at 2 n.1), defendants indicate their belief that plaintiff's
Amended Complaint was not properly filed pursuant to FED. R. CIV. P.
15(a), because the plaintiff failed to obtain the Court's permission
in advance.  The defendants never filed a formal motion to dismiss
this amended complaint, however.  Accordingly, there being no motion
before the Court, any objection based on plaintiff's failure to seek
Court-approval is likewise not before the Court.  Nevertheless, to

8

avoid further confusion, the Court will address the defendants' observations.

Pursuant to FED. R. CIV. P. 15(a), plaintiff is allowed to amend his complaint once "at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). "It is well established in this circuit that a motion to dismiss is not considered a responsive pleading for the purposes of rule 15(a)." *Fortner v. Thomas*, 983 F.2d 1024, 1031 (11th Cir. 1993).

Plaintiff filed an amended complaint on September 20, 2006. (Am. Compl. [5].)  Defendant did not file an answer until October 3, 2006 (Answer [12]), after the Amended Complaint had already been filed. Accordingly, plaintiff's amended complaint did not run afoul of Rule 15(a).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Partial Motion to Dismiss [3].


SO ORDERED, this _30_ day of August, 2007.


JULIE E. CARNES
UNITED STATES DISTRICT JUDGE


9