IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta
APR 0 8 2009
JAMES N. HATTEN, Clerk
By: Deputy Clerk

ANTHONY B. THOMAS

    Plaintiff,

v.

COBB COUNTY SHERIFF'S DEPARTMENT; COBB COUNTY DEPARTMENT OF CORRECTIONS; NEIL WARREN (INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS COBB COUNTY SHERIFF); COBB COUNTY BOARD OF COMMISSIONERS; SAMUEL OLENS (COBB COUNTY COMMISSION CHAIRMAN); COBB COUNTY, GEORGIA; AND WILLIAM "BILL" HUTSON.

    Defendants.

CIVIL ACTION NO.
1:06-CV-1883-JEC

## O R D E R  &  O P I N I O N

This case is presently before the Court on plaintiff's Motion for Interlocutory Appeal and Stay [28, 29]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion for Interlocutory Appeal and Stay should be **DENIED**, and plaintiff's alternative request for the Court to reconsider its previous ruling dismissing plaintiff's § 1981 race discrimination and retaliation claims against the Cobb County defendants should be **GRANTED**.

## BACKGROUND

This is a race discrimination case. Plaintiff worked for the Cobb County Department of Corrections (hereinafter "Department") from 1990 until August 12, 2002, when the Department terminated his employment. (Am. Compl. [5] at ¶¶ 13-14.) On August 11, 2006, plaintiff filed this action, which is based on events surrounding his employment, termination and subsequent arrest. (Compl. [1] at ¶ 1.) In his complaint, plaintiff asserts claims against Cobb County and various Cobb County officials under 42 U.S.C. § 1981 and § 1983 for alleged constitutional violations and race discrimination in connection with his termination and arrest. (*Id.* at ¶¶ 47-51, 61-67, Am. Compl. [5] at ¶¶ 12, 21.)

Prior to submitting their answer, defendants filed a partial motion to dismiss plaintiff's complaint. (Defs.' Partial Mot. to Dismiss [3].) In their motion, defendants argued that plaintiff's § 1983 claims were governed by a two-year statute of limitations. (*Id.* at 2-3.) They also argued that plaintiff's § 1981 claims against the Cobb County defendants, which can only be enforced through § 1983, were subject to a two-year statute of limitations. (*Id.*) Based on the allegations in the complaint, plaintiff was terminated on August 12, 2002, and falsely arrested on August 16, 2002. (Amended Compl. [5] at ¶¶ 27-28.) Plaintiff did not file his complaint until nearly four years later, on August 11, 2006. (Compl.

2

[1].) Thus, defendants argued that plaintiff's § 1983 claims, as well as his § 1981 claims against the Cobb County defendants, were time-barred. (Defs.' Partial Mot. to Dismiss [3] at 2.) The Court granted defendants' motion, relying on the Eleventh Circuit's decision in Palmer v. Stewart County Sch. Dist., 178 Fed. Appx. 999, 1003 (11th Cir. 2006) (holding that a two-year statute of limitations applies to all § 1981 claims that must be brought under § 1983). (Order [18] at 5-6.)

Plaintiff subsequently filed a motion to reconsider. (Pl.'s Mot. to Recons. [19].) Plaintiff did not cite any intervening case law or newly discovered evidence in support of his motion. (Id.) Instead, plaintiff attempted to recast his claim against the Cobb County defendants as a malicious prosecution claim, which would not have accrued until the underlying criminal charges against plaintiff were dismissed on September 20, 2004. (Id. and Amended Compl. [5] at ¶ 29.) Because it was evident that plaintiff was improperly using the motion to reconsider to assert a new theory of law, the Court denied plaintiff's motion. (Order [26] at 4-5.)

Plaintiff has now filed a motion for interlocutory appeal as to whether the Court correctly determined that his § 1981 race discrimination claims against the Cobb County defendants are barred by the statute of limitations. (Pl.'s Mot. for Interlocutory Appeal

3

[28] and [29].[1]) In support of this motion, plaintiff cites the Eleventh Circuit's recent decision in Baker v. Birmingham Bd. of Ed., 531 F.3d 1336, 1338-39 (11th Cir. June 25, 2008). In Baker, the Circuit Court held that a § 1981 claim against a state actor is subject to the four-year statute of limitations set forth in 28 U.S.C. § 1658, as opposed to the two-year statute of limitations that is generally applicable to § 1983 actions in Georgia. Id. The Eleventh Circuit noted its prior decision to the contrary in Palmer, but declined to follow Palmer because it was an unpublished decision. Id. at 1338.

Although the Baker decision was issued while plaintiff's motion to reconsider was pending, plaintiff failed to alert the Court to it. Nevertheless, Baker clearly provides grounds for reconsidering the Court's Order dismissing plaintiff's § 1981 race discrimination claims against the Cobb County defendants. See Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003)(Martin, J.)(noting that "an intervening development or change in controlling law" is an appropriate basis for granting a motion to reconsider). Applying Baker, plaintiff's § 1981 race discrimination claims against the Cobb County defendants are subject to a four-year statute of limitations, and are thus timely. Baker, 531 F.3d at 1338-39. Accordingly, the

---

[1] Plaintiff mistakenly filed the same motion twice, at docket numbers 28 and 29.

4

Court **GRANTS** plaintiff's request to reconsider its previous Order [18] dismissing plaintiff's race discrimination claims against the Cobb County defendants, and **VACATES** that portion of the Order dismissing those claims.[2]

In light of the above ruling, the Court **DENIES** plaintiff's motion for an interlocutory appeal and a stay [28] and [29]. The Court previously asked the parties to file a joint statement setting forth the remaining claims and parties in this case. Having partially vacated its prior order, the Court believes that the remaining claims are as follows: (1) a § 1983 claim against the Cobb County defendants[3] for race discrimination and retaliation in violation of § 1981; and (2) § 1981 claims for race discrimination and retaliation against Neil Warren, Samuel Olens, and William Hutson, in their individual capacities.[4] If this is not a correct and

---

[2] *Baker* only affects the Court's analysis of plaintiff's § 1981 claims against the Cobb County defendants. Plaintiff's § 1983 claims that are based on various alleged constitutional violations are subject to the two-year statute of limitations, and are therefore time-barred.

[3] It is unclear who the correct Cobb County defendants are, as plaintiff has named the sheriff's department and the department of corrections, neither of which are legal entities that are subject to suit or liability. See *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)(dismissing the plaintiff's claims against a county sheriff's department). However, defendants have not filed a motion challenging this designation.

[4] Plaintiff's claims against these individuals in their official capacity are redundant. See *Busby v. City of Orlando*, 931 F.2d 764,

5

complete assessment of the remaining claims and parties, either party may file a statement clarifying the remaining claims and parties by **Friday, April 17, 2009.**

Discovery shall begin on **Friday, April 10, 2009** and continue for a four-month period, until **Friday, July 31, 2009.**[5] Any summary judgment motions are due on **Thursday, August 20, 2009.** Responses to summary judgment motions are due on **Wednesday, September 9, 2009.** Replies are due on **Wednesday, September 16, 2009.** If no summary judgment motions are filed, the Proposed Consolidated Pretrial Order will be due on **Monday, August 31, 2009.** However, if a motion for summary judgment is filed, the Proposed Consolidated Pretrial Order will be due within 30 days of the Court's ruling on the motion for summary judgment.

The Clerk is directed to submit this action by **Tuesday, September 1, 2009,** if the parties have not filed a motion for summary judgment or a proposed pretrial order.

---

776 (11th Cir. 1991)(refusing to allow the plaintiff to sue both the City and its officers in their official capacity).

[5]Due to the age of the case, and the needless delays caused by plaintiff's careless prosecution of his claims, the Court will be disinclined to grant any extension of discovery or the dates for filing summary judgment motions and responses.

6

## CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's Motion for Interlocutory Appeal and Stay [28] and [29], and **GRANTS** plaintiff's alternative request for the Court to reconsider its previous ruling dismissing plaintiff's § 1981 race discrimination claims against the Cobb County defendants.

SO ORDERED, this 8 day of April, 2009.

JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE